CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 27 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THE LEXUS PROJECT, INC. <br><br> and <br><br> GLENNA MARIE FRIEND, <br><br> Plaintiffs <br><br> v. <br><br> NELSON COUNTY ANIMAL CONTROL, <br><br> NELSON COUNTY, <br><br> and <br><br> SANDY S. SOLAR, <br><br> Defendants. | Civil Action No. 3:12-cv-00015 <br><br><br> **MEMORANDUM OPINION** <br><br><br> By: Hon. Glen E. Conrad <br> Chief United States District Judge |

This case is presently before the court on the defendants' motion to dismiss. For the reasons stated below, the court will grant the motion to dismiss.

**I. Discussion**

This case involves a three-year-old tri-colored hound dog named Lady Marie Bear Friend (Lady Marie). Glenna Marie Friend (Friend or plaintiff), a sixty-three-year-old retiree who is fighting the diseases of fibromyalgia and cerebellum tremors, "adopted" Lady Marie from off the streets in May 2011. According to Friend, Lady Marie serves as a therapeutic minister to abused, distressed, and at-risk children as part of Friend's missionary efforts at Messiah's Embassy, a religious establishment in Nelson County, Virginia.

In October 2011, an officer with the Nelson County Animal Control (Animal Control) visited Friend's home to investigate allegations that Lady Marie had bitten two adults. After

inspecting Lady Marie, the officer elected not to take Lady Marie into custody. Thereafter, on Thanksgiving Day 2011, Sandy Solar (Solar), another Animal Control officer, returned to Friend's property and demanded custody of Lady Marie. According to the complaint, Solar and Animal Control knowingly and willfully misrepresented to Friend that Lady Marie had bitten a third person. Solar did not identify the alleged bite victim and did not provide any facts and circumstances of the alleged bite. Neither Solar nor Animal Control possessed a summons, warrant, or any other lawful court order that would justify their seizure of Lady Marie, Friend alleges. Despite Friend's good faith protests, Solar "violently seized Lady Marie, choking her and dragging her from her residence on her back."[1] (Docket No. 1-1 at ¶ 5.) After Lady Marie's seizure, Friend asked Solar when Friend could visit Lady Marie, and Solar instructed Friend to call Animal Control on Monday and further informed Friend that she could visit Lady Marie on Monday. However, upon telephoning Animal Control on Monday, November 28, 2011, Friend was denied visitation of Lady Marie.

Friend and The Lexus Project, Inc. (The Lexus Project), a trust representing the interests of Lady Marie, filed the complaint on March 13, 2012, in Nelson County Circuit Court, alleging that Lady Marie's fraudulent seizure and her subsequent and continuing imprisonment violate Friend's procedural due process rights and Fourth and Fourteenth Amendment rights against unreasonable searches and seizures. (Docket No. 1-1.) According to the complaint, Animal Control intends to classify Lady Marie as dangerous or vicious and then to euthanize her. Furthermore, the plaintiffs allege that Animal Control has failed to provide Lady Marie with proper care and attention during her impoundment, rendering Lady Marie susceptible to various diseases carried by the other animals with whom Lady Marie is detained. Accordingly, the

---

[1] In another document, Friend clarifies that Solar actually entered Friend's home to take possession of Lady Marie. (Docket No. 8-1 at 19.)

2

plaintiffs seek injunctive relief against the defendants, requesting specifically that the court enjoin the defendants from killing, transferring, selling, or in any manner disposing of Lady Marie; require the defendants to provide medical care to Lady Marie while she is impounded; allow Friend to assume custody of Lady Marie; and require the defendants to pay the plaintiffs' attorney fees and any costs associated with Lady Marie's boarding. On March 13, the same day on which Friend filed the complaint, she also filed a motion for temporary restraining order and injunction, seeking the same remedies requested in the complaint. (Docket No. 1-1.)

Defendants Animal Control and Nelson County removed the action to this court on April 5, 2012.[2] (Docket No. 1.) On that same day, Animal Control and Nelson County filed a motion to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] (Docket No. 4.) In the motion to dismiss, Animal Control and Nelson County state that The Lexus Project, Inc. lacks standing to assert the causes of action in the complaint; that Animal Control is not an entity capable of being sued; that the causes of action in the complaint are identical to the causes of action asserted by Friend in a previous complaint that was dismissed by the state court; and that Nelson County cannot be held liable under the doctrine of respondeat superior.

Then, on July 10, 2012, Animal Control and Nelson County filed a brief in support of their previously filed motion to dismiss. (Docket Nos. 8, 9.) One of the main contentions advanced by the defendants in their brief is a res judicata argument. The defendants submit documentation evidencing that, on December 1, 2011, Friend filed an action against Nelson County in the Circuit Court for Nelson County, alleging that Lady Marie's seizure and

---

[2] Defendant Solar did not join in the removal because she had not yet been served with the complaint at the time of the removal. However, the other two defendants indicated in the notice of removal that Solar assented to the removal.

[3] Although defendant Solar did not join in the filing of the motion to dismiss, the court notes that Nelson County's attorney represented at the motion hearing that he represented all of the defendants in this action, including Solar.

3

impoundment violated Friend's Fourth and Fourteenth Amendment rights. Thereafter, on December 12, 2011, Nelson County filed a demurrer on the grounds that Lady Marie was the property of Nelson County, that certain animals had no standing to maintain suit,[4] and that Friend's complaint therefore stated no cause of action upon which relief could be granted. Friend then filed a brief in opposition to the demurrer, contending essentially that she had adopted Lady Marie and, thus, that she had a property interest in the dog.[5] On December 22, 2011, Nelson County filed a plea in bar and supplemental demurrer, contending that Lady Marie was not Friend's property, but instead, was the property of Nelson County. In any event, Nelson County argued, even if Friend could show that she had a property interest in Lady Marie, the proper action was one in detinue. The state court held a hearing on January 4, 2012, and subsequently issued a final order dismissing the action with prejudice. In dismissing Friend's complaint, the state court determined that the proper proceeding lay in detinue and that, in any event, title to Lady Marie was not transferred to Friend. Based on these prior proceedings,

---

[4] In Friend's previous complaint, Lady Marie and another animal were listed as plaintiffs.

[5] Friend's brief offers further insight into the underlying facts of this case. According to Friend, Lady Marie had been roaming the streets until May 21, 2011, when Friend "adopted" Lady Marie and began utilizing the dog in her ministry. In early June 2011, Friend contacted Almost Home Animal Shelter to seek financial aid so that Lady Marie could receive medical examinations, shots, spaying, and licensing. Almost Home Animal Shelter referred Friend to Solar at Animal Control. After speaking with Solar, Friend agreed to pay Nelson County $80 so that Lady Marie could receive the required medical attention, shots, spaying, and licensing. Solar then retrieved Lady Marie and kenneled her at Animal Control, in accordance with the agreement. However, when Friend subsequently visited Lady Marie at Animal Control, she learned that Solar had not yet performed the work on Lady Marie. In August 2011, after more procrastination by Animal Control, Friend announced her intention to take Lady Marie from the pound and to bring her home with her. After perceiving Friend's adamant determination to reclaim her dog, Solar assured Friend that she would attend to Lady Marie. Solar then "asked [Friend] 'as a simple formality' to sign 'foster parent' papers." (Docket No. 8-1 at 17.) "When [Friend] protested, [Solar] again assured her that "this is just a mere formality—we all know Lady Marie Bear is your dog.'" (Id. at 17–18.) With that assurance, Friend signed the document and left the pound with Lady Marie. That same day, Solar picked up Lady Marie and transported her to Lovingston Animal Hospital for her shots. However, when Solar returned the dog to Friend, Solar informed Friend that Lady Marie had received only a rabies shot and that Friend would have to pay the $80 before any additional attention would be afforded to Lady Marie. Thereafter, Friend called Animal Control several times and left messages inquiring about when she should bring Lady Marie in to receive the promised further treatment (i.e., shots, medical examination, spaying, and licensing). However, Friend never received a return call. The next contact that Friend received from Animal Control was the October 2011 visit, cited above, when an Animal Control officer visited Friend to investigate allegations that Lady Marie had bitten two people.

4

Nelson County and Animal Control contend that the doctrine of res judicata bars Friend's instant complaint.

The defendants' brief in support of their motion to dismiss also contains several other arguments. More specifically, they argue that The Lexus Project (as a trust representing Lady Marie) lacks standing; that Animal Control is not a legal entity capable of being sued; and that Nelson County is immune from suit because, as a municipality, it cannot be held liable for the acts of Solar absent some showing that an official policy or custom of Nelson County inflicted the alleged injury.

The court heard oral argument on the defendants' motion on July 26, 2012. At the motion hearing, The Lexus Project asked that it be dismissed as a party to this case. For this reason, the court will grant the motion to voluntarily dismiss the case as it pertains to The Lexus Project.

Friend, however, did not appear at the motion hearing. Furthermore, the court notes that, since this case was removed to federal court, Friend has made no effort to oppose the motion to dismiss. In any event, the motion hearing has revealed that Lady Marie is no longer in the custody of the defendants and that, in fact, she has been placed with "foster parents" in a different location. Hence, the defendants are no longer able to afford Friend the injunctive relief that she seeks in this case. Accordingly, the court must dismiss Friend's claims as moot. See, e.g., Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) (stating that a federal court may adjudicate a claim only if "an actual controversy [is] extant at all stages of review, not merely at the time the complaint is filed"); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982) (explaining that an actual controversy exists only if there is an injury capable of being redressed by a favorable decision

against a defendant); Bridges v. Bell, 238 F.3d 410, 2000 WL 1876347, at *1 (4th Cir. 2000) (per curiam) (unpublished table decision) (stating that a federal court may adjudicate a claim only if an actual controversy exists at all stages of the case and dismissing the case because the requested injunctive relief was no longer available); Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698–99 (3d Cir. 1996) (stating that, if developments occur during the course of a case which render the court unable to grant a party the relief requested, the claims must be dismissed as moot); Trinsey v. Presidential Debate Comm'n, 986 F.2d 1415, 1993 WL 36107, at *1 (4th Cir. 1993) (per curiam) (unpublished table decision) ("Because the injunctive relief Trinsey sought, attending the debate, is not available any longer, Trinsey's appeal from the district court's denial of injunctive relief is dismissed as moot." (citing Valley Forge Christian Coll., 454 U.S. at 472).

## II. Conclusion

For the reasons presented above, the court will grant the motion to dismiss as to The Lexus Project with prejudice. The court will dismiss the complaint as to Friend without prejudice, as the case is now moot.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 27th day of July, 2012.

_____
Chief United States District Judge

6